**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DELMOS BARBOUR, JR. | : | Civil Action No. |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| *Defendant* | : | |
| | : | **JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT AND JURY DEMAND**

## I.    PARTIES

1.    Plaintiff, Delmos Barbour, Jr. is an adult individual and citizen of the Commonwealth of Virginia, residing therein at 402 Hundred Acre Road, Ringgold, VA 24586.

2.    Defendant, Wal-Mart Stores East, LP, was and is now a business entity, believed to be a limited partnership, duly organized and existing under the laws of the State of Arkansas, with a principal place of business located at 1 Southeast Customer Boulevard, Bentonville, AR 72716. Defendant is a citizen of Arkansas for purposes of diversity jurisdiction.

## II.    JURISDICTION AND VENUE

3.    Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.    The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant resides within the District.

1

**III.    STATEMENT OF CLAIMS**

6.    At the time of this incident and at all times material hereto, the Defendant owned, controlled, operated, maintained, inspected, managed, and/or possessed the premises located at 390 Highridge Park Road, Pottsville, PA 17091, including the common areas, parking lot(s) and walkway areas thereon.

7.    At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under direct control of the Defendant.

8.    On or about December 4, 2025, and for a long time prior thereto, it was the duty of the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises located at 390 Highridge Park Road, Pottsville, PA 17091 in a reasonably safe condition for the persons lawfully on the premises, including business invitees such as the Plaintiff, Delmos Barbour, Jr.

9.    On or about December 4, 2025, Plaintiff, Delmos Barbour, Jr., was lawfully on the premises known as Walmart, located at 390 Highridge Park Road, Pottsville, PA 17091, in his professional capacity as a courier and was walking through the designated distribution center parking lot to his vehicle after making a delivery when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, more specifically, a slick and icy area upon the premises, Plaintiff slipped and fell, sustaining various severe and permanent bodily injuries and losses as more fully set forth below.

**COUNT I**
**DELMOS BARBOUR, JR. v. WAL-MART STORES EAST, LP**
**PREMISES LIABILITY – NEGLIGENCE**

10.     Plaintiff hereby incorporates by reference paragraphs one (1) through nine (9) of this Complaint as if the same had been fully set forth at length.

11.     The incident described in the preceding paragraphs of this Complaint was caused by the negligence and carelessness of the Defendant in the following particular respects:

(a) carelessly and negligently allowing the aforesaid parking lot to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely clear ice and snow, failing to pre-treat the area for ice and snow melting and failing to chemically treat the area to prevent excess accumulations of ice and/or snow and/or re-icing;

(b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(c) carelessly and negligently failing to recognize the ice and/or snow on the premises which caused Plaintiff's fall and to timely remedy same;

(d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(e) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(f) failing to adequately and timely repair defects to the aforesaid premises;

(g) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(h) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

(i) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

12.     Plaintiff, Delmos Barbour, Jr., in no manner contributed to his injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

13.     As a result of the aforesaid negligence of the Defendant, Plaintiff, Delmos Barbour, Jr., suffered severe injuries, including, but not limited to: scapula fracture - left shoulder; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

14.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

15.     As a further result of the aforesaid accident, Plaintiff, Delmos Barbour, Jr., has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

16.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

17.     As a further result of this accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

18.    As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

19.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, embarrassment and humiliation, and scarring, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Delmos Barbour, Jr., demands judgment against Defendant, Wal-Mart Stores East, LP, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

Respectfully,

By:    /s/ *Matthew E. Gallagher*
Matthew E. Gallagher, Esquire

**Swartz Culleton Ferris**
**Trial Lawyers**
547 E. Washington Avenue
Newtown, PA 18940
P: (215) 550-6553
F: (215) 550-6557
Attorneys for Plaintiff,
Delmos Barbour, Jr.

Date:  April 16, 2026

5